Armando **DIAZ–AGUILERA,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 00–71503.

INS No. A92–559–049.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.[*]

Decided June 25, 2001.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

Armando Diaz–Aguilera petitions for review of a final order of deportation entered

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

by the Board of Immigration Appeals ("BIA") on October 19, 2000. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Diaz–Aguilera, a native and citizen of Mexico, entered the United States in 1985. In 1991, he left the country for a five-month period. On February 23, 1996, he was served with an Order to Show Cause ("OSC") why he should not be deported as an alien having entered the United States without inspection. On June 10, 1998, the Immigration Judge denied his application for suspension of deportation because he did not meet the new continuous physical presence requirements set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625 ("IIRIRA"). The BIA affirmed.

In *Ram v. INS*, 243 F.3d 510 (9th Cir. 2001), we held that IIRIRA § 309(c)(5), "Transitional Rule with Regard to Suspension of Deportation," applies the new continuous physical presence requirements to transitional rule aliens such as Diaz–Aguilera. Section 309(c)(5) provides, in pertinent part:

> Paragraphs (1) and (2) of section 240A(d) of the Immigration and Nationality Act (relating to continuous residence or physical presence) shall apply to orders to show cause ... issued before, on, or after the date of the enactment of this Act.

IRIRA § 309(c)(5)(A), *amended by* NACARA § 203(a)(1). At issue in *Ram* was the application of § 240A(d)(1) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1229b(d)(1), to transitional rule aliens against whom deportation proceedings were initiated by the service of an OSC.[1] Relying on the plain language and

---

**1.** Section 240A(d)(1) provides, in pertinent part: "For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end when the alien is served

legislative history of § 309(c)(5), we held that service of an OSC terminates the accrual of the period of continuous presence required for suspension of deportation for such transitional rule aliens.

Diaz–Aguilera's petition for review implicates § 240A(d)(2) of the Act, 8 U.S.C. § 1229b(d)(2), which provides:

> An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) of this section if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.

8 U.S.C. § 1229b(d)(2). Diaz–Aguilera argues that § 240A(d)(2) does not apply to transitional rule aliens in deportation proceedings. This is precisely the argument that we rejected in *Ram* with respect to § 240A(d)(1). *Ram*, 243 F.3d at 516. For the reasons we expressed in *Ram*, the plain language of IIRIRA § 309(c)(5)(A) applies § 240A(d)(2) of the Act to transitional rule aliens, such as Diaz–Aguilera, against whom deportation proceedings were initiated by the service of an OSC.

Diaz–Aguilera testified that he had departed from the United States for a period in excess of 90 days in 1991. This departure constituted a "break" in his presence in this country pursuant to § 240A(d)(2), such that his continuous physical presence cannot be deemed to have commenced any earlier than June 25, 1991, when he re-entered the United States. He was served with an OSC in 1996, which stopped the period of continuous physical presence under *Ram*. His presence in this country from June 25, 1991, to February 23, 1996, did not meet the statutory period and,

with a notice to appear under 1229a of this title ...." 8 U.S.C. § 1229b(d)(1).

thus, he is ineligible for suspension of deportation.

PETITION DENIED.